

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# Connell v. Principi

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1050

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Connell v. Principi" (2009). *2009 Decisions.* Paper 1688.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1688

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1050
_____

MARK CONNELL; RONALD H. HARRINGTON; ERIC LUDWICK;
EDWARD M. NARUSHOFF; RICHARD M. WEAVER,
Appellants

v.

*R. JAMES NICHOLSON, Secretary of the Department of
Veterans Affairs

*(Pursuant to Rule 43(c), F.R.C.P.)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cv-1356)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2009

Before:  RENDELL, AMBRO and JORDAN, *Circuit Judges*.

(Filed:  March 26, 2009)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

The appellants are five current or former male employees of the Department of Veterans Affairs ("VA") Medical Center in Pittsburgh, Pennsylvania. They sued the Secretary of the VA in his official position, alleging sexual discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), and they are appealing the District Court's order granting summary judgment to the VA. More specifically, they claim that they were subjected to a hostile work environment because of the behavior of a female co-worker. They argue that the District Court should not have granted summary judgment because there is a genuine issue of material fact as to whether they were harassed on the basis of their sex. For the following reasons, we will affirm.

## I.    Background[1]

Appellants allege that another VA Medical Center employee, Janice Freidel, engaged in a pattern of gender-based harassment and discrimination that created a hostile work environment. All of the appellants, except for Harrigan, worked in the Radiology Department and saw Freidel there. In March of 2000, Harrigan went on his first, and only, date with Freidel. Two months later, she poured a soft drink on his head and ran away. Freidel then threatened to sue Harrigan for sexual harassment and also kicked him

---

[1] The following information is cast in the light most favorable to the appellants.

in the upper thigh.[2] On a separate occasion, she also threatened to kick appellant Ludwick and another employee, Pete Tolento, in the same way.

In July of 2002, Freidel made threats against employees in the Radiology Department after appellant Ludwick commented on her failed personal relationships. She stated to a supervising co-worker, Dr. Mino, that if he "did not do something ... there would be a blood bath in the work corridor." (App. 337a, emphasis omitted.) She also threatened to inform the spouses of both male and female co-workers that she believed her co-workers were engaging in inappropriate behavior. A few days later, she verbally abused and threatened a female co-worker and told appellant Narushoff that if the female co-worker informed anyone of the incident she would "physically shut her up." (App. 219a-20a, 339a.) She then began to lash out at Narushoff and declared that if management did not make some changes she would take everyone to court. Eventually, she was placed on authorized absence while the VA police department investigated her threats against her co-workers.

After the threats were deemed not credible by the VA investigation, she was permitted to return to work. Ten VA employees, however, signed a report protesting Freidel's return to the VA. The report was signed by the appellants in this action and four female co-workers. It alleges that Freidel told a co-worker that she would "kick the three cow's asses," referring to three female co-workers. The appellants allege other hostile or

---

[2]Harrigan testified that he believed that Freidel was aiming higher.

3

threatening interactions with Freidel after she returned to work, including threatening or intimidating staring incidents, eavesdropping, and near-physical confrontations. The VA informed Freidel that they were proposing to terminate her employment, which prompted Freidel to resign.

The appellants filed suit against the VA, alleging that Freidel had sexually harassed them and created a hostile work environment. The VA filed a motion for summary judgment and argued that the appellants could not establish that they suffered harassment based on their gender. The District Court agreed and held that the appellants were unable to "establish that they suffered intentional discrimination or harassment because of their sex," and granted the VA's motion for summary judgment. (App. at 23a.)

II. Discussion[3]

To succeed on a Title VII hostile work environment claim, plaintiffs must establish 1) that they suffered intentional discrimination because of their sex, 2) that the

---

[3] The District Court had jurisdiction under 18 U.S.C. § 1331. On appeal, we have subject matter jurisdiction pursuant to 28 U.S.C. § 1291. *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 841 (3d Cir. 1992). We review a District Court's grant of summary judgment *de novo*. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000); *Miller*, 977 F.2d at 841. In conducting this review, we view all of the evidence in the light most favorable to the non-moving party and determine whether there is a genuine issue of material fact or the District Court misapplied the substantive law. *Moore v. City of Philadelphia*, 461 F.3d 331, 340 (3d Cir. 2006); *United Artists Theatre Circuit, Inc., v. Twp. of Washington*, 316 F.3d 392, 396 n.3 (3d Cir. 2003).

discrimination was pervasive and regular, 3) that the discrimination detrimentally affected them, 4) that the discrimination would have detrimentally affected a reasonable person of the same sex in like circumstances, and 5) the existence of respondeat superior liability. *E.g.*, *Andreoli v. Gates*, 482 F.3d 641, 643 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 426 (3d Cir. 2001); *Spain v. Gallegos*, 26 F.3d 439, 447 (3d Cir. 1994).

In explaining the first element, the United States Supreme Court has stated: "'The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.'" *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (quoting *Harris v. Forklift Sys,. Inc.,* 510 U.S. 17, 25 (1993) (Ginsburg, J., concurring)). The Court has further clarified that workplace harassment is not automatically sex discrimination because "the words used have sexual content or connotations." *Oncale*, 523 U.S. at 80.

The appellants argue that there is a genuine issue of material fact as to whether Freidel's behavior was gender-based. We cannot agree. Viewing the facts in the light most favorable to the appellants, the facts nevertheless fail to support a hostile work environment claim because both male and female VA employees were exposed to Freidel's ire and so, to the extent her bad behavior can be characterized as a "disadvantageous term or condition of employment" for workers who had to deal with it, it was a gender-neutral condition. *Oncale*, 523 U.S. at 80. Other significant questions

5

can be raised about appellants' claim, but it is dispositive to note that the appellants have failed to establish the first element of a Title VII hostile work environment claim: that they suffered intentional discrimination because of their sex.

For example, Freidel's threat to Dr. Mino, that there would be a "blood bath in the work corridor," was taken by her co-workers as a general threat against all of them, irrespective of their sex. (App. at 337a., emphasis omitted.) Similarly, her threat to contact the spouses of both male and female co-workers and allege that they were engaged in inappropriate behavior was a general threat, not based on the sex of the co-workers. She also made threats specifically against three female co-workers, implying violence, and to another female co-worker, threatening to physically shut her up.

Even the incidents in which Freidel harassed only men fail to show that she harassed them on the basis of their sex. Her behavior, while clearly inappropriate, was apparently motivated by nothing more than difficult relationships and a generally hostile disposition towards co-workers, without regard to gender. We cannot impose Title VII as a civility code for the work place, *see Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1995) (the "standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code'") (citation omitted), and we conclude, as did the District Court, that no reasonable fact finder could say that the appellants were subjected to discrimination based on their sex.

6

**III. Conclusion**

Accordingly, we will affirm the District Court's grant of summary judgment.